IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR330** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **DANIEL CASEY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 24) issued by Magistrate Judge F.A. Gossett recommending that the Defendant's motion to dismiss (Filing No. 16) be granted in part and denied in part. No objections have been filed to the Report and Recommendation as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendant seeks an order dismissing the Indictment or, alternatively, severing 18 U.S.C. § 228(b) from the remainder of 18 U.S.C. § 228, arguing that § 228(b) violates the Fifth Amendment's Due Process Clause. Section 228(b) sets out a rebuttable presumption that, if a child support order is in effect during the relevant time period, the obligor has the ability to pay the support obligation for that time period. The Defendant argues that § 228(b) violates due process by relieving the government of the obligation to prove the essential element of a willful failure to pay child support set out in 18 U.S.C. § 228(a)(3) and shifting the burden of persuasion to the defense. This issue has only been decided in three district courts,[1] and in each case the statute was found to violate due

---

[1] The issue has not yet been decided by any circuit court of appeals or the Supreme Court.

process and as a remedy the court severed § 228(b) from the remainder of § 228. *United States v. Pillor,* 387 F. Supp. 2d 1053, 1057 (N.D. Ca. 2005); *United States v. Morrow,* 368 F. Supp. 2d 863, 866 (C.D. Ill. 2005); *United States v. Grigsby,* 85 F. Supp. 2d 100, 108-09 (D.R.I. 2000).

Judge Gossett adopted the reasoning first set out in *Grigsby,* implicitly concluding that 18 U.S.C. § 228(b) violates the Fifth Amendment Due Process Clause and that the appropriate remedy is to sever § 228(b) from the remainder of § 228. The effect is that at trial, the rebuttable presumption set out in § 228 will be disregarded and need not be presented to the factfinder.

Notwithstanding the absence of objections, pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3, the Court has conducted a de novo review of the record. The Court has read the parties' briefs (Filing Nos. 17, 21) and the transcript (Filing No. 25). The Court has also viewed the evidence. (Filing No. 23.) Because Judge Gossett fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 24) is adopted in its entirety; and

2. The Defendant's motion to suppress (Filing No. 16) is granted in part and denied in part as follows:

    a. the motion is granted insofar as 18 U.S.C. § 228(b) violates the Due Process Clause of the Fifth Amendment to the United States

>   Constitution and shall be severed at trial from the remainder of 18 U.S.C. § 228; and

b.   otherwise, the motion is denied.

DATED this 3rd day of February, 2006.

>   BY THE COURT:
>
>   s/Laurie Smith Camp
>   United States District Judge